UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

ORDER OF DETENTION

* * * * * * * * * * * * * * * * * * *

United States of America,

Plaintiff,

vs.

Leland Arnold Martin,

Defendant. Crim. No. 00-139 (DSD/JMM)

* * * * * * * * * * * * * * * * * * *

United States of America,

Plaintiff,

vs.

Leland Arnold Martin,

Defendant. Crim. No. 03-89 (DWF/SRN)

* * * * * * * * * * * * * * * * * * *

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(A), upon the conduct of a Preliminary Revocation Hearing, and the conduct of a Detention Hearing, pursuant to the Government's informal Motion that the Defendant be detained, without bail, pending further proceedings. See, Rule 32.1(a)(6), Federal Rules of Criminal Procedure; Title 18 U.S.C. §3142(f). The referenced Hearings were conducted on June 21, 2005, at which time, the Defendant appeared personally, and by Lyonel Norris, Esq., and the Government appeared by Clifford B. Wardlaw, Assistant United States Attorney.

For reasons which follow, we find probable cause to believe that the Defendant committed the offenses charged in the Petition which led to his arrest, and we conclude that the Defendant should be detained pending further Court proceedings.

## II. Discussion

A. Probable Cause. At the commencement of the Hearing, counsel for the Defendant advised that the Defendant wanted to waive the probable cause determination required by Rule 32.1(b)(1)(A), Federal Rules of Criminal Procedure, and, after inquiry from the Court, we are convinced that the waiver was knowing, voluntary, and intelligent. Rule 32.1(b)(1)(A) expressly recognizes that a defendant "may waive the

[probable cause] hearing." Accordingly, given the Defendant's waiver, we find probable cause to believe that the Defendant committed the Supervised Release violations which are cited in the Petition filed by the Probation Office, and which resulted in his arrest. Therefore, pursuant to the provisions of Rule 32.1(b)(1)(C), Federal Rules of Criminal Procedure, we refer this matter to the District Court for the conduct of a Revocation Hearing.

B. Pretrial Release or Detention.

1. Standard of Review. In determining whether there are conditions of release that will reasonably assure the appearance of the person as required, and the safety of any other person and the community, the Judicial Officer is to take into account and weigh the following factors: the nature and circumstances of the offense charged; the weight of the evidence against the person; the history and characteristics of the accused, including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and, the nature and seriousness of the danger to any person or the community that would be posed by the accused's

release. Title 18 U.S.C. §3142(g); United States v. Abad, 350 F.3d 793, 797 (8th Cir. 2003).

Detention may be based upon a showing of either dangerousness or risk of flight. A finding that each is present is not essential to a determination for detention. United States v. Cantu, 935 F.2d 950, 952 (8th Cir. 1991); United States v. Sazenski, 806 F.2d 846, 848 (8th Cir. 1986); United States v. Rueben, 974 F.2d 580, 586 (5th Cir. 1992), cert. denied, 507 U.S. 940 (1993); United States v. Jessup, 757 F.2d 378, 380, 388 (1st Cir. 1985)(sustaining pretrial detention without bond on appearance ground alone), abrogated on other grounds, United States v. O'Brien, 895 F.2d 810 (1st Cir. 1990); United States v. Cashin, 739 F. Supp. 1107, 1111 (E.D. Mich. 1990); United States v. Kouyoumdjian, 601 F. Supp. 1506, 1508-10 (C.D. Cal. 1985); but cf., United States v. Orta, 760 F.2d 887, 891 n. 19 (8th Cir. 1985)(Question expressly left open).

A defendant will be detained, pending a Trial, only if the Government demonstrates, by clear and convincing evidence,[1] that no release condition, or set of conditions, will reasonably assure the safety of a person or the community-at-large or,

[1]Clear and convincing evidence is something more than proof by a preponderance of the evidence, but less than proof beyond a reasonable doubt. Addington v. Texas, 441 U.S. 418, 429 (1979).

by a preponderance of the evidence, that there are no conditions which will reasonably assure that defendant's appearance. United States v. Salerno, 481 U.S. 739, 754 (1987); United States v. Abad, supra at 797; United States v. Kisling, 334 F.3d 734, 735 (8th Cir. 2003).

2. Legal Analysis. Neither party presented evidence at the Detention Hearing, but argued the issue of detention, or release, on the basis of what appears in the Record of each of the underlying proceedings, in the Petitions on Supervised Release, and in proffers to the Court. The Defendant underscores the recent tragedies in his life, including the death of a stepbrother during the shootings at the Red Lake High School, and the subsequent deaths of his uncle and father. In addition, the Defendant has had difficulty in controlling his abuse of both alcohol and drugs, and he wants to stabilize his life. Accordingly, the Defendant urges a halfway house placement.

In response, the Government emphasizes that one of the charges, which resulted in his prior conviction, was an aggravated assault, and that the Defendant currently faces charges for an assault on an unborn fetus, together with a domestic assault, of the lady who, apparently, is bearing his child. In addition, the Defendant absconded from a Community Corrections Center, which was the offense which prompted the

second criminal proceedings against him. The Government notes that the second claimed violation of the terms of the Defendant's Supervised Release was the Defendant's absenting himself, with his whereabouts being unknown until, by all appearances, his subsequent arrest on the Red Lake Indian Reservation.

Under Rule 32.1(a)(6), Federal Rules of Criminal Procedure, "[t]he burden of establishing that the [Defendant] will not flee or pose a danger to any other person or to the community rests with the [Defendant]." Here, the Defendant has failed to carry that burden. We understand his interest in bringing stability to his life, but we find, given his past record, that such stability can best be achieved, until the conduct of his Revocation Hearing, in custody. Unless the halfway house placement was the virtual equivalent of pretrial detention, we hold significant doubt that the Defendant would not assault again, and flee from further Court proceedings. He offers nothing, but his best intentions, to allay our substantial concern that his Pretrial Release would pose an unreasonable danger to the community, and an unreasonable risk of flight.

Therefore, we find by clear and convincing evidence that the Defendant presents an unreasonable risk of endangerment to the community, and an unreasonable risk of flight, which cannot be reasonably controlled by any condition, or set of conditions,

for his release. Accordingly, the Defendant is committed to the custody of the United States Marshal Service pending his Revocation Hearing.

NOW, THEREFORE, It is --

ORDERED:

1. That, having found probable cause that the Defendant committed the violations charged in the Petition which led to his arrest, we hold him to answer to those charges at a Revocation Hearing, pursuant to Rule 32.1(b)(2), Federal Rules of Criminal Procedure, to be scheduled before the District Court.

2. That the Government's informal Motion for Detention Without Bail Pending Hearing is GRANTED.

3. That the Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

4. That the Defendant be afforded a reasonable opportunity for private consultation with defense counsel.

5. That, on the Order of a Court of the United States or upon request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a Court proceeding.

BY THE COURT:

Dated: June 22, 2005

s/Raymond L. Erickson
Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE